IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| IRENE V. ALVARADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:25-cv-03343-MDH |
| ) | |
| OTIS ELEVATOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Otis Elevator Company's ("Otis") Rule 12(b)(6) Motion to Dismiss Plaintiff's Count Two - Punitive Damages Claim. (Doc. 7). Plaintiff filed Suggestions in Opposition (Doc. 8) and Defendant has filed a reply. (Doc. 9). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Count Two – Punitive Damages Claim is **DENIED**.

## BACKGROUND

This case arises from a trip and fall due to an elevator's cab that was not level with the hallway. Plaintiff Irene V. Alvarado is a resident of the State of Missouri and resides in Greene County, Missouri. Defendant Otis is a foreign corporation with its principal place of business in Connecticut.

On January 3, 2023, Plaintiff was riding in an elevator at Mercy Hospital in Springfield, Missouri between the first and fourth floors. Plaintiff alleges that the elevator door opened prematurely before the elevator and the fourth floor were level, creating an obstacle of several inches. Plaintiff alleges she began exiting normally and tripped on the uneven floor/elevator obstacle. Plaintiff then fell forward and attempted to break her fall with both of her arms, wrists

1

and hands. Plaintiff states she sustained damage to her right wrist, right arm, right shoulder, left wrist, right toe, neck, and lower back. Plaintiff alleges that this uneven leveling had been a common occurrence, including on January 3, 2023, before Plaintiff's trip and fall. Plaintiff further alleges Defendant's employees knew of this dangerous condition months prior to Plaintiffs trip on the uneven obstacle.

Plaintiff's First Amended Complaint ("Complaint") asserts two counts against Defendant: Count One – Negligence and Count Two – Punitive Damages. Defendant brings this current motion seeking to dismiss Plaintiff's Count Two arguing that punitive damages are not a separate cause of action and that the factual allegations plead in Plaintiff's negligence count are insufficient to state a claim under Missorui's heightened punitive damages standard. The Court will take each argument in turn.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Separate Cause of Action

Defendant argues that Count Two of Plaintiff's First Amended Complaint asserts a separate cause of action for punitive damages, incorporating the factual allegations made in Count One – Negligence. Defendant states however that there is no independent cause of action for punitive damages under either federal or Missouri law. Plaintiff argues that dismissal on the merits of the punitive damage claim for separating it into another count is improper.

"A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." *Jackson v. Asplundh Constr. Corp.*, No. 4:15CV00714 ERW, 2016 WL 4701589, at *3 (E.D. Mo. Sept. 8, 2016) (quoting *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 866 (Mo. Ct. App. 2000)).

> The request for punitive damages need not be plead in a separate count, but it must nevertheless appear from the complaint, either by direct averment or from necessary inference, that the act occasioning the damages was done maliciously or was the result of the willful misconduct of the defendant or of that reckless indifference to the rights of others which is equivalent to an intentional violation of them, at least where the wrongful act does not in itself imply malice.

*City of Greenwood v. Martin Marietta Materials, Inc.*, 299 S.W.3d 606, 627 (Mo. Ct. App. 2009) (internal citations omitted); *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784, 798 (Mo. 1970). "While punitive damages must not be brought in separate or independent causes of action, they may be pleaded as separate counts." *Jackson v. Asplundh Constr. Corp.*, No. 4:15CV00714 ERW, 2016 WL 4701589, at *3 (E.D. Mo. Sept. 8, 2016). "Therefore, the proper inquiry is not whether Plaintiff

3

pleaded her punitive damages as separate counts … but if she pleaded the punitive damages as separate or independent causes of actions." *Id*.

Plaintiff has not pleaded punitive damages as a separate or independent cause of action. While Plaintiff has separated her punitive damages claim into a separate count, Plaintiff seeks punitive damages in connection with her negligence claim. Count Two expressly incorporates the rest of the Complaint by reference and then proceeds to set out the allegations necessary to claim punitive damages. (Complaint, ¶¶ 25-28). Thus, Count Two is not an independent claim for punitive damages; rather it seeks punitive damages stemming from Plaintiff's Count One – Negligence claim. For the reasons stated, Defendant's Motion to Dismiss Count Two – Punitive Damages based on a separate cause of action is **DENIED**.

## II.  Failure to State a Claim

Defendant next argues that there is no factual allegation which would put it on notice of the conduct that Plaintiff alleges meets Mo. Rev. Stat. § 510.261, nor are there facts alleged that would allow the Court to reasonably infer that Defendant plausibly acted with the culpable mental state required to impose punitive damages. Accordingly, Defendant argues that Count Two of Plaintiff's First Amended Complaint must be dismissed. Plaintiff argues that the allegations made in the Complaint support that Defendant acted with a deliberate and flagrant disregard for the safety of others and that Defendant had actual knowledge of the dangerous conditions.

"Ordinarily [punitive] damages are not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Giger Welding & Fabrication, LLC v. DFW Movers & Erectors, Inc.*, No. 421-CV-00741-HFS, 2025 WL 3515444, at *2 (W.D. Mo. Sept. 12, 2025) (quoting *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods. Inc.*, 700 S.W.2d 426, 435 (Mo. 1985) (en banc)); *see*

4

*also Scott v. Dyno Nobel, Inc.*, 108 F.4th 615, 632 (8th Cir. 2024) (applying Missouri law and comparing culpable mental state for negligence and punitive damages). Only "when the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury," may punitive damages be appropriate in a negligence action. *Hoover's Dairy*, 700 S.W.2d at 436 (collecting cases). A submissible case for punitive damages requires clear and convincing proof that the defendant intentionally acted either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred.). *Scott*, 108 F.4th at 632 (quoting *Rhoden v. Mo. Delta Med. Ctr.*, 621 S.W.3d 469, 481 (Mo. 2021)).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level regarding her claim of punitive damages. Plaintiff's Complaint alleges:

> Upon information and belief, this uneven leveling had been a common occurrence, including on January 3, 2023 before Plaintiff's trip and fall. Otis employees knew of this actual dangerous condition prior to Plaintiffs' trip on the uneven obstacle.
>
> Upon information and belief, Mercy employees had directly or indirectly reported to OTIS employees and agents, the dangerous condition(s) in the elevators, including uneven leveling while the doors were open.
>
> Other elevators at Mercy Hospital were out of service on January 3, 2023, thus putting pressure on Otis employees to keep the elevator where Plaintiff was injured open when it should have been closed for use.
>
> Defendant OTIS has had actual knowledge of the dangerous conditions of the Mercy Hospital elevators and the elevator where Plaintiff was injured prior to her injury for months and on the day of the injury.

(Complaint ¶¶ 9-11 and 27). Plaintiff has alleged that Defendant had actual knowledge of the uneven leveling of the elevator for months before Plaintiff was ultimately injured. Plaintiff has also alleged that while other elevators were out of service, the elevator in question continued to run despite the uneven step issue being reported to Defendant. Taking the allegations as true would

allow for a finding that the Defendant knew or had reason to know that there was a high degree of probability that its inaction would result in an injury, especially given the timeframe from when the problem manifested to when the injury occurred. For the reasons stated, Defendant's Motion to Dismiss Count Two – Punitive Damages for failure to state a claim is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count Two – Punitive Damages based on a separate cause of action is **DENIED**. Defendant's Motion to Dismiss Count Two – Punitive Damages based on a failure to state a claim is also **DENIED**.

**IT IS SO ORDERED**.

DATED: January 13, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**